

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SEP 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,

v.

EMERSON VINCENT BRIGGS,

Defendant.

Crim. Action No. 08-215 (CKK)

**MEMORANDUM OPINION**
(September 22, 2008)

On September 8, 2008, Defendant pled guilty to one count of receipt of child

pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2256, pursuant to a binding plea

agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).  The Court ordered Defendant

to be detained pending sentencing pursuant to the mandatory detention provisions of 18 U.S.C.

§ 3143(a)(2).  After Defendant's counsel orally moved to have Defendant released pending

sentencing, the Court instructed Defendant's counsel to file a written motion, with corresponding

legal authority, if he believed grounds for such relief existed.  Currently before the Court is

Defendant's [7] Expedited Motion for Release Pending Sentencing filed on September 9, 2008,

which the Government opposed on September 11, 2008.  Upon consideration of the parties'

submissions, applicable case law and statutory authority, and the entire record of the case as a

whole, the Court shall DENY Defendant's Motion for the reasons that follow.

**I. BACKGROUND**

Congress has characterized Defendant's offense (receipt of child pornography) as a crime

of violence, as that term is defined in 18 U.S.C. § 3156(a)(4)(C) (defining "crime of violence" to

include any felony under chapter 110, which includes Defendant's offense).  A defendant who pleads guilty to a crime of violence is subject to the detention provisions set forth in 18 U.S.C. § 3143(a)(2) (applicable to offenses described in § 3142(f)(1)(A), which includes crimes of violence).

Section 3143(a)(2)(A)(ii) requires mandatory detention for a Defendant found guilty of a crime of violence unless an attorney for the government "has recommended that no sentence of imprisonment be imposed" and "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person in the community."[1]  In this case, the Government has not recommended that "no sentence of imprisonment be imposed," and to the contrary, the Government and Defendant have agreed to a sentence of 70 months of imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  Accordingly, § 3143(a)(2) requires Defendant's detention pending sentencing.

---

[1]  This section provides, in relevant part:

The judicial officer *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of [18 U.S.C. § 3142(f)(1)] and is awaiting imposition or execution of sentence *be detained unless*:

> (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

§ 3143(a)(2) (emphasis added).

On September 9, 2008, Defendant filed the instant Expedited Motion for Release Pending Sentencing based on 18 U.S.C. § 3145(c), a provision that permits a defendant to appeal an order of detention "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Defendant argues that exceptional circumstances exist in this case because (1) Defendant's violation cannot be considered a crime of violence, (2) Defendant's guilty plea is conditional under Rule 11(c)(1)(C), and (3) the Government waited more than two years to prosecute this case. On September 11, 2008, the Government opposed Defendant's Motion and argued that none of these circumstances, considered in isolation or in combination, constitute exceptional circumstances. Defendant did not file a Reply.

## II. DISCUSSION

Although the D.C. Circuit has not opined on the applicability of 18 U.S.C. § 3145(c) in circumstances similar to the present, every court of appeals to "have considered the question ha[s] concluded that section 3145(c) allows district courts to release a defendant" under certain narrow circumstances. *United States v. Chen*, 257 F. Supp. 2d 656, 659 (S.D.N.Y. 2003). The Court shall assume without deciding that § 3145(c) authorizes a district court to order the relief requested in this case because even if such jurisdiction exists, Defendant's Motion fails on the merits.[2]

Pursuant to § 3145(c), a person subject to detention under § 3143(a)(2), who is found to pose no risk of flight or to the safety of the public, "may be ordered released, under appropriate

---

[2] Defendant's Motion and the Government's Opposition acknowledge the open question in this Circuit as to "whether Section 3145(c) endows district courts with the power to release defendants subject to the mandatory detention provisions of Section 3143(a)(2)." Gov't's Opp'n at 8-9. The Government argues only that it "does not concede the[] issue[]." *Id.* at 9 n.4.

conditions, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Section 3145(c) does not define the term "exceptional reasons," though courts have generally read the phrase to mean circumstances that are "clearly out of the ordinary, uncommon, or rare." *United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993) (Rymer, J., concurring in denial of rehearing en banc). *See also United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991) (referring to"unique combination[s] of circumstances"); *United States v. Devinna*, 5 F. Supp. 2d 872, 873 (E.D. Cal. 1998) (holding that a defendant must show something more than a low likelihood of flight or danger to others). Defendant's Motion argues that exceptional circumstances exist in this case because, in addition to being a low flight or safety risk, (1) Defendant's violation cannot be considered a crime of violence, (2) Defendant's guilty plea is conditional under Rule 11(c)(1)(C), and (3) the Government waited more than two years to prosecute this case. Def.'s Mot. at 7-13. The Court finds that none of these reasons constitutes an exceptional circumstance.

Defendant's first argument that his crime cannot be considered a "crime of violence" is based on his receiving child pornography but not engaging in any "physical force" himself. Def.'s Mot. at 8-9. Defendant implies that Congress improperly, perhaps mistakenly, characterized Defendant's offense as a "crime of violence," *id.* at 9, and "[t]he fact that the broad statutory definition of 'crimes of violence' sweeps into its ambit offenses such as the downloading of images here is an extraordinary circumstance which makes automatic mandatory detention under § 3143(a)(2)–with no individualized consideration of the risks posed by this defendant–not appropriate." *Id.* at 10. The Court disagrees.

Congress has made the legislative determination that the offense to which Defendant has

pled guilty is a crime of violence. *See* 18 U.S.C. § 3156(a)(4)(C) (defining "crime of violence" to include any felony under chapter 110, which includes Defendant's offense). There are sound reasons for that determination. Defendant sought and found extreme images of child pornography by using computer search terms such as "childlover pedo rape 11yo nude." *See* Gov't's Opp'n at 8. Defendant possessed a video titled "Best_(Hussyfan) (pthc) (r@ygold)(babyshivid) 11yo Hana anal.mpg," where "pthc" represents the phrase "preteen hard core." *Id.* at 8 & n.3. Defendant obtained another video titled "(pthc) 5Yo Kelly - Trying Fuck.mpg." *Id.* These videos depict prepubescent children being sexually penetrated by adult males. *See* Stmt. of Offense at 2; Gov't's Opp'n at 8. There is no question that these videos involve physical violence, and that Defendant, and all other defendants who are similarly situated, create the demand for this conduct. The Supreme Court has recognized that "the distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children." *New York v. Ferber*, 458 U.S. 747, 759 (1982). Congress could reasonably find that offenses that are intrinsically intertwined with the physical abuse of children are appropriately considered crimes of violence in their own right, and it is certainly not the province of this Court to overrule such legislative judgments.[3]

In addition, Defendant's argument fails to distinguish his circumstances from those facing all other defendants who are convicted of receiving child pornography under the same statute. Section 3145(c) requires that a defendant demonstrate that his circumstances are "exceptional,"

---

[3] Nor can Congress' judgment be characterized as a mistake as Defendant implies. Many of the offenses contained in Chapter 110 do not include physical force, including the possession, receipt, transportation, advertising, and distribution of child pornography. *See, e.g.*, 18 U.S.C. §§ 2252A, 2252B, 2257.

and by definition Defendant's circumstances would be common if the entire class of defendants

of which he is a part were treated differently based on the lack of physical force associated with a

particular violation of § 2254.  Accordingly, Court is unpersuaded by Defendant's arguments that

his crime cannot be considered a "crime of violence," and finds that he has not established any

exceptional circumstances related to the same.[4]

The other reasons identified by Defendant to demonstrate exceptional circumstances are

similarly unavailing.  Defendant argues that he has plead guilty pursuant to Rule 11(c)(1)(C), but

that the Court could reject the plea agreement, and Defendant would be able to withdraw his

plea.  Def.'s Mot. at 7.  Thus, according to Defendant, his plea is conditional, and he should be

treated as if he has not pled guilty and subject to the mandatory detention provision of

§ 3143(a)(2).[5]  *Id.* at 7-8.  This argument fails to establish exceptional circumstances because

Defendant has plead guilty to a *binding* plea agreement and the Court has found that Defendant

meets the requirements for entering such a plea.  In fact, Defendant indicates that he "hopes and

anticipates the Court will accept the plea agreement."  Def.'s Mot. at 8.  Accordingly, Defendant

is currently bound by the plea agreement and subject to the detention provisions of § 3145(c).

Further, there is nothing about entering a plea under 11(c)(1)(C) that is "exceptional" because all

---

[4] Defendant supports his argument by reference to *United States v. Reboux*, an unpublished district court opinion in which a defendant facing the same charge was released pending sentencing.  No. 06-451, 2007 WL 4409801 at *1 (S.D.N.Y. Dec. 14, 2007).  Although some of the facts in that case parallel the one at present, the court in that case was apparently persuaded that exceptional circumstances existed based on the defendant's exceptional "self-improvement" through his "faith community and work environment," which was expressed in part by a compelling letter from the defendant's Rabbi. *Id.* at *3.  None of these facts are present in the record in this case, and in any event, that decision is certainly not binding on this Court.

[5] Defendant also adds that he poses no risk of flight and that pretrial services recommended his release with electronic monitoring.  Def.'s Mot. at 7-8.

defendants who enter such pleas face the same circumstances as Defendant.

Finally, Defendant argues that the two-year delay between the discovery of his conduct and his plea, a period in which he represents that he committed no further violations, constitutes an exceptional reason for why he should not be detained. Def.'s Mot. at 12-13. The Government explains that it was "necessary to conduct a full investigation before being in a position to determine the proper resolution of this case . . . [and] [l]ike most child pornography cases, this case required detailed forensic analysis of computer media." Gov't's Opp'n at 7. Defendant has not shown that such a delay is unique and unlike other cases in which defendants have been indicted for the same conduct. Defendant's assertion that Defendant committed no further violations is also, as the Government highlights, based on self-reporting, as Defendant was not subject to monitoring during this period. The Court finds that Defendant's argument may help to demonstrate that Defendant is not a flight or safety risk, but it in no way establishes the exceptional circumstances that would be required to circumvent the mandatory detention provisions of § 3143(a)(2).

### III. CONCLUSION

For the foregoing reasons, the Court shall DENY Defendant's [7] Expedited Motion for Release Pending Sentencing. An appropriate Order accompanies this Memorandum Opinion.


Date:   September 22, 2008

                                              _/s/_____
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge

7