## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> EMERSON V. BRIGGS, <br><br> Defendant. | Criminal No. 08-cr-215-01 (CKK) |

### MEMORANDUM OPINION AND ORDER
(June 18, 2020)

Pending before this Court is Defendant's [28] *pro se* Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. 3583(e) and 3564(c) and Memorandum in support thereof, which is opposed by the Government and the United States Probation Office.[1]  For the reasons set forth in more detail herein, the Defendant's [28] Motion is DENIED.

I. Background

On September 8, 2008, Defendant Emerson Briggs ("Defendant" or "Mr. Briggs") entered a plea of guilty to one count of Receipt of Child Pornography in violation of 18 U.S.C. Section 2252A(a)(2)(A).  Mr. Briggs received sexually explicit images of children via his work computer through a peer-to-peer networking application, in part by entering search terms including "pedo rape 11yo nude."  Statement of Offense, ECF No. 11.  The plea agreement was reached pursuant

---

1 In connection with this Opinion, the Court considered the following: Defendant's [28] Motion for Early Termination of Supervised Release and the Memorandum in support thereof ("Def.'s Mot."); the United States' Probation Office [31] Petition ("Prob. Office Pet."); the Government's [32] Opposition to the Defendant's Motion for Early Termination of Supervised Release ("Govt. Opp'n."); the Defendant's [35] Reply (Def.'s Reply"); and the record in this case.  In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCrR 47(f).

to Rule 11(c)(1)(C), whereby the parties agreed to and the Court accepted a sentence of 70 months imprisonment, a fine of $12,500, and a 10-year term of supervised release.  Mr. Briggs began his supervised release on October 5, 2012, and it is scheduled to terminate on October 4, 2022.

Defendant has moved this Court for early termination of his supervision, noting his compliance with the terms thereof.  Pursuant to 18 U.S.C. Section 3583(a)(1), the Court may – after considering the factors set forth in Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) – terminate a supervised release term after the expiration of one year of supervised  release, if such action is warranted by the defendant's conduct and the interest of justice.  In the instant case, the Probation Office and the Government oppose early termination of Defendant's supervised releasee.

II. Analysis

Pursuant to 18 U.S.C. Section 3583(e)(1), termination of a term of supervised release may be authorized "at any time after the expiration of one year of supervised release," so long as certain factors set out in Section 3553(a) are considered and the release is "warranted by the conduct of the defendant and the interest of justice."  18 U.S.C. Section 3583(e)(1).  Neither the Government nor the Probation Office disputes that this Court has the discretion to modify Defendant's term of supervised release.  *See generally* Govt. Opp'n., ECF No. 32, Prob. Office Pet., ECF No. 31; s*ee also United States v. Harris*, 258 F. Supp. 3d 137, 142-43 (D.D.C. 2017) (concluding that the "weight of authority confirms that § 3583(e)(1) authorizes termination of [a] statutorily mandated term of supervised release").

In this Circuit, a district court denying a motion for early termination of supervision must explain its consideration of the relevant Section 3553(a) factors, unless "the reasons for denying the motion are apparent from the record."  *United States v. Mathis-Gardner*, 783 F.3d 1286, 1289-

90 (D.C. Cir. 2015). Similarly, this applies to decisions to grant motions for early termination of supervision. *United States v. Harris*, 258 F Supp. at 143; *see also United States v. Parker*, 219 F. Supp. 3d 183, 189 (D.D.C. 2016) ("When determining whether to terminate a defendant's supervision, the Court should consider, but need not make express findings, as to the seven factors enumerated in 18 U.S.C. § 3553(a)[.]") Accordingly, this Court begins its analysis with consideration of the relevant Section 3553(a) factors, which are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; (4) the need to provide defendant with educational or vocational training, medical care, or other correctional treatment; (5) the applicable sentencing guideline range for the offense and pertinent policy statements issued by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e); *see also Harris*, 258 F. Supp. 3d at 144.

The aforementioned factors are a subset of the Section 3553(a) factors which are considered at sentencing because "Congress intended supervised release to assist individuals in their transition to community life. *United States v. Johnson (Johnson I)*, 529 U.S. 53, 59 (2000); *see also Harris,* 258 F. Supp. 3d at 144-45 (discussing legislative history and noting that these factors are "evaluated mindful of the Supreme Court's clear articulation of the purpose of supervised release and the district court's discretion to limit terms of supervised release to those who need it.")

A. Consideration of Section 3553 (a) Factors

Of the seven factors enumerated above, the sixth factor has limited relevance to this Defendant because courts have previously made clear that "the need to avoid unwarranted

3

sentencing disparities" would generally "undermine the case specific inquiry required in evaluating a motion for early termination of supervised release."  *Harris*, 258 F. Supp. 3d at 145; *see  United States v, Johnson (Johnson II)*, 529 U.S. 694, 709 (2000) (noting that defendants "may, of course, vary in the degree of help needed for successful reintegration" and "Congress aimed . . . to use the district courts' discretionary judgment to allocate supervision to those releasees who needed it most.")  Furthermore, the seventh factor is inapplicable in the instant case because there was no restitution obligation imposed.  Accordingly, this Court focuses on the first five Section 3553 (a) factors, as follows.

The first factor is the nature and circumstances of the offense.  In this case, it was over a period of time that Defendant received and stored on his computer multiple sexually explicit images of prepubescent minors, some of which "portrayed sadistic and masochistic conduct or other depictions of violence."  Statement of Offense, ECF No. 11, at 1-2.  This was done using his work laptop and internet service at a time when Defendant was a partner at a law firm in Washington, D.C.  The Government notes that because "defendant's offense was committed using third-party computer equipment and internet service only heightens the need for continued community supervision for the full length of the term [of supervised release]."  Furthermore, the Probation Office  contends that  "[b]ased on the nature of the instant offense, Mr. Briggs does not meet the criteria for early termination in accordance with the Probation Office's local and national policy [as] [t]he policies discourage early terminations of supervision in sex offense cases due to the high-risk nature of the crime."  Prob. Office Pet., ECF No. 31, at 1-2.

Defendant's Motion does not focus on the nature and circumstances of the offense, but instead asks this Court to focus on the punishment that he has suffered and continues to suffer, *inter alia*, the loss of his law partnership position, being disbarred from the practice of law, and

4

being required to register as a sex offender.  Def.'s Mot., ECF No. 28, at 14-15.  Defendant further

indicates that his supervised release imposes on him "numerous very strict conditions, including .

. . restrictions on his ability to travel freely, use a computer that is not monitored by the

government, a prohibition against contact with minors and the use of possession of a camera" as

well as submitting to regular polygraph examinations and making monthly reports to his probation

officer about his computer usage and finances.  *Id.* at 15.   In his Reply, Defendant does however

indicate that he is "deeply ashamed or and remorseful regarding his conduct, and he recognizes

the seriousness of the offense[.]"  Def.'s Reply, ECF No. 35, at 7.

Clearly, receipt of child pornography is a serious crime, which Defendant was willing to

undertake an inordinate risk in order to commit (*i.e.*, use of his work laptop and internet service,

while a partner at a law firm), and this factor weighs heavily against early termination of

supervision. This offense of "[p]ossessing child pornography and making payments to child

pornography websites supports and enables an illicit and repellant industry that does tremendous

harm to children around the globe."  *United States v. Maudlin*,  Criminal Action No. 18-371

(BAH), 2020 WL 2840055, at *3 (DD.C. June 1, 2020) (slip op.).   Accordingly, this first factor

weighs against early termination of supervision.

As to the second and third factors, which are the need to provide deterrence of criminal

conduct and to protect the public from further crimes, the Probation Office notes that Mr. Briggs

completed his sex offender treatment in October 2013, and his polygraph examination in October

2018 indicated no deception or inappropriate conduct. Prob. Office Pet., ECF No. 31, at 2.  Mr.

Briggs has been compliant with his sex offender registration and "cooperative with his computer

monitoring instructions."  *Id.*  Furthermore, "Mr. Briggs successfully completed both mental health

treatment and alcohol treatment in April 2013," and his mandatory drug test results have all been

5

negative. *Id.* In sum, Mr. Briggs has been compliant with all of his special conditions.

Defendant notes that he has been "required to register as a sex offender in the State of Maryland and the District of Columbia, where he lives and works, respectively," and he must "remain registered until as late as 2027." Def.'s Mot., ECF No. 28, at 15. Defendant asserts that he presents a "low risk" of recidivism because he had no prior criminal history; he presented no disciplinary issues while incarcerated and participated in "beneficial programming;" he has no substance abuse or mental health issues; and he is "highly educated" and has "maintained stable and continuous professional employment[.]" Def.'s Reply, ECF No. 35, at 5.[2] The Court finds that with regard to deterrence and protection of the public, Mr. Briggs' completion of the sex offender treatment and compliance — since the commencement of his supervision in 2012 — with all conditions of his supervised release including polygraph testing, drug testing and computer monitoring, and the fact that he has not recidivated, weigh in favor of early termination of supervision.

The fourth factor to consider is training or correctional treatment. Mr. Briggs completed medical treatment relating to his offense conduct and his alcohol abuse before, during and/or after his incarceration. Def.'s Mot., ECF No. 28, at 18. Neither the Government nor the Probation Office indicates that Defendant has any additional rehabilitative needs. This factor accordingly weighs in favor of early termination of supervised release.

The fifth and final factor for the Court to consider involves the applicable Sentencing

---

[2] Mr. Briggs notes further that "[r]ecords of his offense and his status as a registered sex offender will exist on the Internet forever, and will follow [Defendant] and stigmatize him wherever he goes and whatever he does for the rest of his life." Def.'s Mot., ECF No. 28, at 15-16. This Court notes that victims of child pornography suffer not only from the sexual abuse inflicted to produce the pornographic images, but they continue to suffer over their lifetimes as these images on the Internet may circulate forever.

Guidelines and policy statements.  As previously noted, the Probation Office maintains that local and national policies discourage early terminations of supervision in sex offender cases, and urges this Court to focus on the nature and conduct of the offense, which the Court has indicated weighs against early termination of supervision.  Under the Sentencing Guidelines, Mr. Briggs' supervised release was to be at least five years and up to life, U.S.S.G. § 5D1.2(a)(1) and (b)(2), and he has completed more than five years of his ten-year term of supervision.  In this regard, he is similarly situated to the defendant in *United States v. Raymond*, Criminal Action No. 09-183 (RMC), 2019 WL 1858285 (D.D.C. April 25, 2019), a case cited by Defendant in support of his request for early termination of supervision.[3]  In *Raymond*, the Honorable Rosemary M Collyer's discussion of this fifth factor noted that:

> The Guidelines also include two relevant policy statements.  On the one hand, when setting the initial term of supervised release, the Sentencing Commission's policy statement is that, for sex offenses, "the statutory maximum term of supervised release is recommended."  U.S. Sentencing Guidelines § 5D1.2, p.s.  For Mr. Raymond, the statutory maximum term of supervised release was life.  On the other, the Commission's commentary to the same section — which is treated as a policy statement — notes that "[t]he court has authority to terminate or extend a term of supervised release" and "is encouraged to exercise this authority in appropriate cases."  *Id.* at comment. (n.5).

2019 WL 1858285, at *2.  In *Raymond*, unlike in this case, Defendant's request for early termination of supervision was not opposed by the Probation Office.[4]

Accordingly, the Court finds that this fifth factor weighs against early termination of

---

[3] Defendant in *Raymond* was sentenced to concurrent five-year prison terms and ten years of supervised release for his plea of guilty on one count of traveling to engage in illicit sexual conduct and one count of possessing child pornography.

[4] This contradicts Defendant's assertion that "because [the Probation Office is] acting pursuant to national and local policies, it is unclear whether [it] would be permitted to recommend that the Court grant Mr. Briggs' motion, even if they believed that it should be granted[.]"  Def's Reply, ECF No. 35, at 7. In this case, both the Probation Office and the Government object to the request for early termination of supervision.

supervision, in light of Defendant's ten year term of supervision, and consideration of the policy statement recommending that, for sex offenses, the statutory maximum term of supervised release (life) is appropriate. Having completed its analysis of the relevant Section 3553 factors, some of which weigh in favor of early termination of supervision and others that do not, the Court now turns to consideration of the interest of justice pursuant to 18 U.S.C. § 3583(e)(1).

B. Interest of Justice under 18 U.S.C. Section 3583(e)(1)

In addition to consideration of the factors under Section 3553(a), this Court must be "satisfied" that early termination of supervised release "is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. Section 3583(e)(1).

In the aforementioned *Raymond* case*,* Judge Collyer found the defendant entitled to early termination of supervision, particularly because of his compliance with the conditions of his release and his commitment to personal change, despite the Government's emphasis on the serious nature of child exploitation and child pornography and its argument that a defendant must exhibit "exceptionally good behavior." *Id.* at *3. Judge Collyer rejected any requirement for "exceptional" behavior, noting instead that "Mr. Raymond's 100% compliance with each term of his supervised release for over five (5) years [was], actually, fairly extraordinary[.]" *Raymond*, *id.* at *3.

This Court finds however that a defendant's good behavior, by itself, does not warrant early termination of his supervision and agrees with the cases holding that a defendant "must show something of an unusual or extraordinary nature in addition to full compliance" in order to justify early termination. *United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (internal quotations omitted); *see also United States v. Parker*, 219 F. Supp. 2d 183, 190 (noting that "good behavior alone is insufficient to warrant early termination of supervision); *but see Harris*, 258 F.

8

Supp. 3d at 149-50 (finding no requirement of "exceptional" behavior).  "Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."  *United States v. McKay,* 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005).

In the instant case, Mr. Briggs asserts that he has engaged in treatment and therapy and worked hard to "develop professional piloting skills that will allow him to make a meaningful contribution to the community," which demonstrates his "sincere commitment not to commit another offense of any kind."  Def.'s Mot., ECF No. 28, at 16.  Mr. Briggs indicates further that the Government "does not dispute that obtaining a commercial pilot's license under the circumstances that Mr. Briggs describes in his motion constitutes an "extraordinary effort" to rehabilitate himself as required by case law as a prerequisite for granting his motion."  Def.'s Reply, ECF No. 35, at 7.  While this Court commends Mr. Briggs for his full compliance with the terms of his supervision and for pursuit of another career opportunity, the Court finds no indication that  obtaining a commercial pilot's license constitutes something of an unusual or extraordinary nature that would weigh in favor of early termination of supervision.  Nor are there other factors that in the "interest of justice" weigh in favor of early termination of Defendant's supervised release, which is opposed by both the Government and the Probation Office.  *Compare United States v. Mauldin*, 2020 WL 2840055, at * 4 (where the Government did not oppose early termination of supervision and the court, after taking into account Defendant's full compliance with all terms of his supervised release [including sex offender treatment, registration, computer monitoring] over a 10-year period, noted that defendant suffered from "serious medical conditions that ma[de] continued reporting a significant hardship for the defendant"); *United States v. Raymond*, 2019 WL 1858, 285, at *1 (indicating that defendant, a dual citizen of the United States

9

and United Kingdom, became a "mentor for others" in a residential sex offender treatment and "facilitated re-entry guidance sessions," and he additionally registered as a sex offender with British authorities in the United Kingdom, "which was not required"); *United States v. Parker*, 219 F. Supp. 3d at 189-90 (where the request for early termination was unopposed by the Government, the court noted defendant's good behavior and the fact that he earned his GED, took BOP job skill training classes as well as later training with Project Empowerment, and obtained and maintained full-time employment, but "[m]ost importantly that, Defendant's supervision [was to be] terminated to avoid further disparities between the sentence he received in 1998 and the likely sentence similarly-situated defendants would receive" if convicted for the same drug offenses at present time).

The Court notes that, in this case, both the Government and the Probation Office oppose Defendant's request for early termination of supervised release. This Court has considered the Section 3553(a) factors, which partially weigh in favor of early termination and partially weigh against it, with a particular focus on the nature and circumstances of Defendant's crime, which weighs against early termination. The Court has considered also whether early termination of supervision is in the "interest of justice" but has found no unusual or extraordinary circumstances beyond Defendant's good behavior/compliance, which would warrant early termination of supervision. According, it is this 18th day of June 2020,

ORDERED that Defendant's [28] Motion for Early Termination of Supervised Release is DENIED. This Court continues Mr. Briggs on supervised release until his expiration date of October 4, 2022.

SO ORDERED                         _____/s/_____
                                   COLLEEN KOLLAR-KOTELLY
                                   UNITED STATES DISTRICT JUDGE

10